UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON A. HAYDEN,<br><br>   Plaintiff,<br><br> v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>   Defendants. | Case No. 23-cv-02833-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE; DENYING REQUEST FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 124, 125 |

On August 8, 2023, Plaintiff Alison A. Hayden filed the instant case against multiple Defendants, alleging civil rights violations related to Plaintiff's attempts to observe and/or challenge the November 2022 election processes in Alameda County. (Compl. ¶ 6.2, Dkt. No. 1.) On August 29, 2024, the Court granted the motion to dismiss of Defendants County of Alameda, the Alameda County Sheriff's Office, and associated individuals (collectively, the "County Defendants") with leave to amend.[1] (Dismissal Order, Dkt. No. 105.) In permitting leave to amend, the Court gave specific instructions on what was required, warning: "Failure to timely file a second amended complaint that complies with this order may result in the dismissal of this action." (*Id.* at 5.) Following multiple extensions, the second amended complaint was due by November 29, 2024. (Dkt. No. 119.)

To date, Plaintiff has not filed a compliant second amended complaint. On December 13, 2024, the County Defendants filed the instant motion to dismiss, seeking dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based in part on Plaintiff's failure to comply

---

[1] That same day, the Court granted the motion to dismiss of Defendants Dr. Shirley N. Weber and the California Secretary of State with prejudice. (Dkt. No. 104.) Thus, the County Defendants are the only remaining defendants in this case.

with the Court's order. (Defs.' Mot., Dkt. No. 124.) Plaintiff, in turn, filed a request for leave to amend on January 2, 2025. Having considered the parties' filings, the procedural history of this case, and the relevant legal authorities, the Court GRANTS the County Defendants' motion to dismiss with prejudice and DENIES Plaintiff's motion for leave to amend.

## I. BACKGROUND

On June 8, 2023, Plaintiff filed the initial complaint with seven other individuals. After the seven other individuals filed voluntary dismissals, Plaintiff filed the first (of many) amended complaint on January 29, 2024. (Dkt. No. 25.) On February 27 and 29, 2024, Plaintiff filed two additional amended complaints. (Dkt. No. 38, 39.)

On March 13, 2024, Plaintiff requested leave to file an amended complaint. (Dkt. No. 45.) After the Court granted leave, Plaintiff filed what was labeled on the docket as the "First Amended Complaint." (Dkt. No. 47.)

On May 13, 2024, Plaintiff filed a motion to amend the complaint. (Dkt. No. 52.) Before the Court could resolve the motion, Plaintiff filed four additional complaints on May 17, 22, and 31, 2024. (Dkt. Nos. 53, 55, 56, 67.)

On June 3, 2024, the County Defendants filed a motion to dismiss. (Dkt. No. 70.) On June 10, 2024, the Court terminated the May 13, 2024 motion to amend in light of Plaintiff's already-filed amended complaint. (Dkt. No. 75.) Thereafter, Plaintiff filed yet another amended complaint on June 18, 2024. (Dkt. No. 79.) On June 24, 2024, the County Defendants filed a second motion to dismiss. (Dkt. No. 82.) Later that day, Plaintiff filed another amended complaint. (Dkt. No. 83.)

On June 26, 2024, the Court terminated the first motion to dismiss in light of the filing of the June 18, 2024 complaint. (Dkt. No. 84.) The Court, however, explained that Federal Rule of Civil Procedure 15(a)(1)(B) permitted a party to amend its pleading only once as a matter of course within 21 days of being served with a motion under Rule 12(b). (*Id.* at 1.) As Plaintiff had already filed such a complaint, the Court struck the June 24, 2024 amended complaint. (*Id.*) The Court further advised that Plaintiff "must obtain leave of court before filing any further amended complaints, and that the failure to do so may result in the Court striking the respective pleading

1 sua sponte." (*Id.* at 1-2.)

2 Despite the Court's warning, Plaintiff filed another amended complaint without obtaining leave of court on July 8, 2024. (Dkt. No. 89.) Accordingly, on July 9, 2024, the Court struck the complaint. (Dkt. No. 92.) The Court also advised that it would not grant Plaintiff leave to amend in light of the pending motions to dismiss. (*Id.* at 1.) Regardless, Plaintiff filed a motion for leave to file an amended complaint on August 14, 2024, which the Court summarily denied. (Dkt. Nos. 102, 103.)

On August 29, 2024, the Court granted the County Defendants' motion to dismiss. The Court explained that the then-operative complaint did not satisfy Rule 8's requirement of a short and plain statement of the claim; "[i]nstead, the 191-page complaint has 97 pages of facts, which are all incorporated by reference into each of the 25 causes of action instead of properly identifying the specific facts that give rise to each claim." (Dismissal Order at 4.) The Court, however, permitted Plaintiff to file an amended complaint. (*Id.* at 5.) In acknowledgment of the confusion caused by Plaintiff's multiple complaints, the Court required that Plaintiff "**caption this complaint as the 'second amended complaint.'**" (*Id.* at 4 (original emphasis).) The Court further required that this second amended complaint "clearly delineate each legal claim, and state facts indicating the nature and grounds for each claim." (*Id.*) While Plaintiff could incorporate prior facts, the Court required that Plaintiff "clearly indicate the relevant paragraph numbers," and advised that failure to provide this requisite information "risk[ed] having any deficient claims being dismissed with prejudice." (*Id.* at 5.) The Court set a deadline of September 20, 2024. (*Id.*)

On September 16, 2024, Plaintiff requested an extension of time to amend. (Dkt. No. 106.) On September 23, 2024, the Court granted the unopposed motion, extending the deadline to October 15, 2024. (Dkt. No. 107.) On October 10, 2024, Plaintiff filed an appeal of the August 29, 2024 order, as well as (inexplicably) of various motions, oppositions, orders, and her multiple complaints. (Dkt. No. 109.) On October 11, 2024, Plaintiff filed a motion for leave to amend the complaint. (Dkt. No. 110.) On October 18, 2024, the Court stayed the case pending the appeal. (Dkt. No. 112.) On October 25, 2024, the appeal was dismissed because the challenged orders were not final or appealable. (Dkt. No. 113.)

On October 28, 2024, Plaintiff filed a motion for leave to amend the complaint. (Dkt. No. 115.) On November 1, 2025, Plaintiff filed a 213-page complaint; the complaint was not labeled as the second amended complaint, as required. (Dkt. No. 116.) Every cause of action incorporated by references every single preceding paragraph. (*E.g.*, Dkt. No. 116 ¶¶ 162 (first cause of action incorporating the prior 161 paragraphs), 171 (second cause of action incorporating the prior 170 paragraphs), 180 (third cause of action incorporating the prior 179 paragraphs), 187 (fourth cause of action incorporating the prior 186 paragraphs).)

On November 7, 2024, the Court lifted the stay. (Dkt. No. 119.) The Court also construed Plaintiff's October 28, 2024 motion for leave as a request for an extension of time, and extended Plaintiff's deadline to file the second amended complaint to November 29, 2024. (*Id.*) The Court warned that it would not grant any further extensions, and that the amended complaint could not include any additional claims or parties without leave of court. (*Id.*)

Plaintiff did not file the second amended complaint. On December 13, 2024, the County Defendants filed the instant motion to dismiss. Plaintiff did not file an opposition. Instead, on January 2, 2025, Plaintiff filed a request for leave to amend the operative complaint, stating that this newest iteration of the complaint would include additional Defendants as well as changes to the causes of action and prayer of relief. (Dkt. No. 125.) On January 5, 2025, Plaintiff filed what was labeled on the docket as "Affidavit in Opposition" of the motion to dismiss, requesting leave to amend the November 1, 2025 complaint. (Dkt. No. 125.)

To date, a compliant second amended complaint has not been filed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a Court to sua sponte dismiss an action for failure to prosecute or failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Dismissal is a "harsh" penalty, which "should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). Thus, before dismissing a case under Rule 41(b), the court must "weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

4

cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

## III.     DISCUSSION

Despite multiple extensions, Plaintiff has not filed a second amended complaint that complies with the Court's August 29, 2024 dismissal order.  Again, the Court required that the complaint be labeled "second amended complaint." (Dismissal Order at 4.)  This was not merely a technical requirement; given that Plaintiff had filed over ten complaints, the Court imposed this requirement to provide clarity as to what was the operative complaint.  The Court also required that the second amended complaint comply with Rule 8, including specifically instructing that Plaintiff identify the specific paragraphs supporting each cause of action.  (*Id.* at 4-5.)

Instead of complying, Plaintiff purported to file a complaint on November 1, 2024; the complaint was filed after the then-deadline of October 15, 2024 and was not labeled "second amended complaint."  The 200-page November 1, 2024 filing also did not comply with Rule 8.  Moreover, Plaintiff has since requested leave **again** to amend even this November 1, 2024 filing; thus even this November 1, 2024 filing is not Plaintiff's final complaint. (Dkt. No. 125.)

The Court set a hard deadline of November 29, 2024 to file the second amended complaint.  (Dkt. No. 119.)  The Court further warned that no further extensions would be granted.  (*Id.* at 1.)  Plaintiff failed to meet this deadline, resulting in the County Defendants' motion to dismiss.  Plaintiff then failed to file a meaningful opposition to the motion to dismiss, instead repeatedly requesting leave to amend.  (Dkt. Nos. 125, 128.)

The Court thus weighs the five factors, and concludes that dismissal is warranted.

**A.     The Public's Interest in the Expeditious Resolution of Litigation**

The Court finds this factor weighs heavily in favor of dismissal.  When the County Defendants filed the instant motion to dismiss, the case had already been pending for over **eighteen months**.  Many of these delays were caused by Plaintiff's repeated attempts to file improper amended complaints, unnecessarily prolonging the litigation and requiring Defendants to file multiple motions to dismiss.  Other delays were caused by Plaintiff's repeated requests for extensions and an appeal of a non-appealable court order.  The Court accommodated Plaintiff by extending the deadline to file the second amended complaint to November 29, 2024, but made

clear it would not grant any further extensions in its November 7, 2024 order.  (Dkt. No. 119 at 1.)  Plaintiff then failed to meet the November 29, 2024 deadline.

Given this pattern of behavior, the Court finds that absent involuntary dismissal, it is unlikely that this case will be resolved in a timely manner.  Between the filing of the August 29, 2024 dismissal order and the final November 29, 2024 deadline, Plaintiff had three months to file the second amended complaint.  Rather than do so, Plaintiff filed requests for extension, a frivolous appeal, and a non-compliant complaint that Plaintiff *still* seeks to amend.  Plaintiff provides no justifiable reason for this delay except to point to her pro se status.  While the Court understands that Plaintiff is not represented by counsel, a litigant's pro se status does not entitle them to endless extensions.

Without finality in the complaint, this case simply cannot proceed.  Thus, the Court finds that dismissal serves the public interest in expeditiously resolving this litigation.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (upholding involuntary dismissal where the district court found that the "Plaintiffs' noncompliance had caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the Court").

### B. The Court's Need to Manage Its Docket

The Court finds that the second factor also weighs heavily in favor of dismissal.  Again, Plaintiff's conduct has prevented the Court from proceeding with the case.  To allow this case to go forward when Plaintiff has now repeatedly failed to comply with court orders will only reward Plaintiff for her conduct.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (upholding involuntary dismissal where the case had "dragged on for over a year and a half before it finally was dismissed.  During that time it consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket.  It is incumbent upon us to preserve the district court's power to manage their dockets without being subject to the endless vexatious noncompliance of litigants[.]").

### C. The Risk of Prejudice to Defendant

The Court finds that the third factor supports dismissal.  "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's

6

ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Id.*

Here, the County Defendants have not been able to proceed while Plaintiff continues to ignore the Court's deadlines. Defendants are also required to deal with a constantly moving target as Plaintiff has filed over a dozen complaints. Further, as the case continues to drag on, memories will grow stale should the case ever proceed to discovery. Thus, dismissal is warranted.

### D. Public Policy Favoring Disposition of Cases on Their Merits

The Court finds that this factor is, at best, neutral. As discussed above, Plaintiff is responsible for delaying this case. Because Plaintiff is responsible for filing a compliant second amended complaint but has failed to do so, it is "impossible to dispose of the case on the merits." *PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006). In such circumstances "where the plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor." *Id.*; *see also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").

### E. The Availability of Alternatives

Finally, the Court finds that less drastic alternatives are not feasible. The Court provided specific guidance and made clear what is required of the second amended complaint, yet Plaintiff failed to comply. The Court gave Plaintiff multiple extensions, yet Plaintiff failed to comply. The Court warned Plaintiff of the consequences of failing to comply with the deadline, yet Plaintiff failed to comply.

At this point, it is simply unclear what further alternatives could be allowed. The Court could accept the November 1, 2024 filing as the operative complaint, but even a cursory review of the complaint -- which again, is 213 pages with each cause of action incorporating every single preceding paragraph -- makes clear that the complaint would be subject to dismissal given its

failure to comply with Rule 8. Moreover, Plaintiff has already stated she wishes to amend that complaint. (Dkt. No. 127.) The Court could extend the deadline yet again, but there is nothing to suggest that this will finally be the time that Plaintiff complies, allowing the case to proceed. The Court therefore concludes that less drastic alternatives are not feasible.

Having considered the five dismissal factors, the Court concludes that dismissal is warranted as a sanction under Rule 41(b).

## IV.  CONCLUSION

For the reasons stated above, the Court GRANTS the County Defendants' motion to dismiss under Rule 41(b) and DISMISSES this case with prejudice. Because the Court dismisses the case with prejudice, the Court DENIES Plaintiff's motion for leave to amend as moot. The Clerk of the Court shall enter judgment in favor of Defendants and close the case.

IT IS SO ORDERED.

Dated: May 28, 2025

KANDIS A. WESTMORE
United States Magistrate Judge